Dear Mr. Hall:
As attorney for the St. Tammany Parish Council, you have requested an opinion of this office regarding whether public funds may be spent to pay for the services of a certified public accountant (CPA) or other professional consulted or retained to prepare the required financial disclosure statement of a St. Tammany Parish Council member or to reimburse a council member for such expenses.
During the 2008 Regular Session of the Louisiana Legislature, new financial disclosure laws were enacted for elected and public officials. The laws, La.R.S. 42:1124-1124.5, set forth different tiers of disclosure requirements. La.R.S. 42:1124.2 applies to "each person holding a public office who represents a voting district having a population of five thousand or more persons" and thus applies to the members of the St. Tammany Parish Council.
The compensation and expenses of a parish council member are governed by Article II, Section 2-05 of the St. Tammany Parish Home Rule Charter, which provides, "[c]ouncil members shall, upon presentation of properly documented receipts, be reimbursed for reasonable expenses incurred in carrying out official duties of the office in accordance with travel and expenses policies established by the council by ordinance." You ask whether expenses for the services of a CPA obtained to help council members complete the financial disclosure forms may be paid or reimbursed by the parish.
Past opinions of this office have addressed whether certain expenses incurred by public officials in the performance of their public duties may be reimbursed with public funds. These opinions have addressed expenses such as reimbursement for the use of a private vehicle while performing public business (Atty. Gen. Op. No. 00-483), for legal fees incurred in defending allegations arose out the performance of, as well as within the course and scope of, the official functions and duties of the public official or employee (Atty. Gen. Op. Nos. 07-0041; 05-0057; *Page 2 
05-0050)[1], travel expenses, including meals, actually incurred by a public official (Atty. Gen. Op. No. 92-857). Although these opinions addressed reimbursement of different expenses, they are consistent in determining that a governing authority is able to reimburse public officials for expenses incurred in the performance of their public duties. See also Atty. Gen. Op. Nos. 03-156, 92-716. St. Tammany Parish Council members do not have an option of whether to file the financial disclosure statements; rather, they have a duty to do so and are subject to a penalty for failure to timely file the form.[2] La.R.S. 42:1124.4. The duty to file the statement is imposed upon the councilman solely because he holds a public office.
In Atty. Gen. Op. No. 00-483, this office opined that a public employee may be reimbursed for travel expenses in the performance of his public duties. In setting forth the process of reimbursement, the opinion noted that, "[a]dequate documentation of the expense incurred in the performance of a public duty must be provided to the parish. This procedure provides for a true reimbursement of actual expenses." Atty. Gen. Op. No. 92-716 also suggested that public officials "should submit receipts, or at a minimum, an adequately documented itemization of expenses actually incurred in the performance of their public duties in order to be reimbursed therefore." Thus, in order to reimburse council members for the expense incurred in hiring a CPA to complete the financial disclosure form, adequate documentation must be provided to the parish to ensure accuracy and to avoid subsidization of fees unrelated to the official's financial disclosure obligation.
Accordingly, based upon Section 2-05 of the St. Tammany Parish Home Rule Charter and past opinions of this office, it is the opinion of this office that it is permissible, but not mandatory for the St. Tammany Parish to reimburse council members for CPA expenses incurred in filing the financial disclosure statement required by La.R.S. 42:1124.2. The financial disclosure reports are required by law to be filed and are, therefore, part of the job of a council member. However, we note that the parish must determine the rate charged and hours worked by the CPA to be reasonable. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] Our office has also opined that legal costs may be reimbursed when a public official successfully defends himself against charges of a violation of the Code of Governmental Ethics. Atty. Gen. Op. No. 95-242.
[2] .